

U.S. Department of Justice

United States Attorney
Western District of Pennsylvania

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*     *412/644-3500*

October 19, 2020

William F. Ward, Esquire
Rothman Gordon PC
310 Grant Street, Suite 300
Pittsburgh, PA 15219

Re:   United States of America v.
      R.A. Monzo Construction Company, Inc.
      Criminal No. _____

Dear Mr. Ward:

This letter sets forth the agreement by which your client, R.A. Monzo Construction Company, Inc. ("Monzo Construction"), will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Monzo Construction and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Monzo Construction will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq.

    A.    The defendant, Monzo Construction, agrees to the following:

        1.    Monzo Construction will waive prosecution by indictment and enter a plea of guilty to Count One of the Information (a draft copy of which is attached as Exhibit A) at Criminal No. _____, charging Monzo Construction with violating 29 U.S.C. § 666(e), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

        2.    At the time Monzo Construction enters its plea of guilty, Monzo Construction will deposit a special assessment of $50.00 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the

LIMITED OFFICIAL USE

event that sentence is not ultimately imposed, the special assessment deposit will be returned.

3. Monzo Construction waives the right to take a direct appeal from its conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, Monzo Construction may take a direct appeal from the sentence.

   (b) If the sentence exceeds the applicable statutory limits set forth in the United States Code.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the conviction or sentence and the right to file any other collateral proceeding attacking the conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Monzo Construction in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence.

2. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Monzo Construction and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Monzo Construction is:

   (a) A term of probation not to exceed five years (18 U.S.C. § 3561(c)(2);

   (b) A fine not to exceed $500,000.00 (18 U.S.C. § 3571(c)(4)); and

   (c) A special assessment under 18 U.S.C. § 3013 of $50.00;

2. Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of probation of 1 year, a special assessment of $50.00, and a fine of $10,000.00.

3. Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw its guilty plea.

4. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between R.A. Monzo Construction Company, Inc. and the United States Attorney for the Western District of Pennsylvania, and, with the exception of Monzo Construction Company, Inc.'s' Settlement Agreement with United States Secretary of Labor at OSHRC No. 16-0239, Inspection No. 998465, there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*

SCOTT W. BRADY
United States Attorney

I have received this letter from my attorney, William F. Ward, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*Ronald A. Monzo*
R.A. MONZO CONSTRUCTION
COMPANY, INC.

10-20-2020
Date

Witnessed by:

*William F. Ward*
WILLIAM F. WARD, ESQUIRE
Counsel for R.A. Monzo Construction Company, Inc.